In Re: Nomination Paper of Stephen J. Lucasi. Emanuel J. Cendoma, Donald M. Cunningham, Albert J. Paucke, Jr. and Charles E. Lieberman, Appellants.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Richard A. Gahr,* with him *Kieser and Gahr,* for appellants.

*Robert J. Wollet,* for appellee.

OPINION BY JUDGE WILKINSON, JR., October 9, 1979:

On June 22, 1979, nomination papers were filed with the Lycoming County Board of Elections to nominate Stephen J. Lucasi (Lucasi) for the office of Mayor of the City of Williamsport as the candidate of the political body denominated as the "Lucasi for Mayor Committee." The nomination papers were accepted and filed. A "Petition to Set Aside Nomination Papers" was filed pursuant to Section 977 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2937.

The specific objections alleged in the petition as the basis for setting aside the nomination papers were: (1) that Lucasi was "a registered, voting,

elected and active member of a political party" *i.e.* the Republican Party, and was not eligible to be a nominee of an independent political body; and, (2) the nomination papers were filed after the final date for filing fixed by Section 953 of the Code, 25 P.S. §2913. Lucasi and the trial court acknowledge that these reasons exist as facts but assert that neither separately nor in combination require that the filing of the nomination papers be set aside. The trial court dismised the petition. We must reverse.

In at least two instances trial courts in Pennsylvania have set aside nomination papers filed under similar circumstances and have been affirmed on appeal. *Bucks County Democratic Party v. Tracy*, 27 Bucks Co. L. Rep. 222 (1975), *appeal dismissed per curiam*, 464 Pa. 237, 346 A.2d 303 (1975); *In Re: Nomination Papers of Walter B. Craig* (No. 24 M.D. 1977), Court of Common Pleas of the 37th Judicial District, Forest County Branch, *aff'd per curiam*, 26 T.D. 1977, Pa. Commonwealth Ct. (1977). There is one trial court decision in Pennsylvania holding to the contrary. *In re Caliguiri*, 4 Pa. D. & C. 3d 1 (1977). This was unappealed and being contra to *Tracy, supra,* and *Craig, supra,* cannot put their binding precedent in doubt.

*Salera v. Tucker*, 399 F. Supp. 1258 (E.D. Pa. 1975) *aff'd,* 424 U.S. 959 (1976), relied upon by Lucasi, allowed a filing of nomination papers later than here involved on a showing that the independent candidate, Salera, could not comply with the restricted time schedule set forth in the Code. Although affirmed per curiam by the United States Supreme Court, that Court later expressly limited the ruling in *Salera, supra,* to all the facts in that case. *See Mandel v. Bradley*, 432 U.S. 173 (1977). Not only are the facts of the instant case different than those in *Salera*, the fundamental basis and reasoning do not apply. *Salera* was

decided on the basis that in that situation the candidate of the independent political body did not have enough time to secure the required signatures if the time restrictions of the Code were applied. By express stipulation that is not the instance here for it is stipulated:

> If Mr. Lucasi had decided prior to March 7, 1979 to be a candidate for mayor, he does not anticipate that he would have had any difficulty obtaining the necessary signatures between March 7, 1979 and March 28, 1979, [the period provided by the Code] and that this could have been done just as easily in March as it was in June.

Accordingly, we will enter the following

### ORDER

AND Now, October 9, 1979, the Order of the Court of Common Pleas of Lycoming County, Pennsylvania in No. 79-3844, filed August 30, 1979, is reversed and the nomination papers filed on behalf of Stephen J. Lucasi are set aside as being null and void and the Lycoming County Board of Elections is prohibited from certifying said nomination papers and it is ordered that his name not appear as a candidate for the office of Mayor of the City of Williamsport in the Municipal Elections to be held November 6, 1979.